1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JAMES ALLEN LEYSTRA,

                    Defendant.

CASE NO. 06-636M

DETENTION ORDER

Offense charged:

          Possession of MDMA ("Ecstasy") with Intent to Distribute

Date of Detention Hearing: 12/05/06

          The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based

upon the factual findings and statement of reasons for detention hereafter set forth, finds that no

condition or combination of conditions which defendant can meet will reasonably assure the

appearance of defendant as required and the safety of any other person and the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

1 <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

2     (1)    Defendant was arrested as he drove a vehicle into the United States. The vehicle had

3           been fitted with a secret compartment, replacing a substantial portion of the gas tank.

4           The compartment was accessed by the key fob, possessed by defendant. Within the

5           compartment were secreted 23 bags of Ecstasy pills, with a weight of over 71 kilos.

6           The United States estimates the street value of the hidden pills at over $4 million.

7     (2)    Defendant has been involved in buying and selling motor vehicles for much of is career.

8           There is a strong inference he was aware of this vehicle's limited fuel capacity. This

9           fact, and the device on the key fob, support the conclusion that defendant was well

10           aware of the presence of the contraband hidden in the vehicle.

11     (3)    Border records reflect frequent recent trips across the border by defendant. It is

12           reasonable to infer that this was not the first time he had smuggled drugs into the

13           country.

14     (4)    Given the quantity of the drugs, defendant faces a lengthy sentence in this case. The

15           United States alleges that the Guideline range will be well over ten years. There would

16           therefore be a substantial incentive for defendant to abscond, if released on bond.

17     (5)    Defendant is a citizen of Canada. There is an immigration detainer pending against

18           him.

19     (6)    The letters of support on defendant's behalf, while sincere, are not sufficient to offset

20           the concerns as to danger and flight risk.

21

22

23

24 It is therefore ORDERED:

25

DETENTION ORDER - 2

26 18 U.S.C. § 3142(i)

1  (1)  Defendant shall be detained pending trial and committed to the custody of the Attorney

2       General for confinement in a corrections facility separate, to the extent practicable,

3       from persons awaiting or serving sentences or being held in custody pending appeal;

4  (2)  Defendant shall be afforded reasonable opportunity for private consultation with

5       counsel;

6  (3)  On order of a court of the United States or on request of an attorney for the

7       Government, the person in charge of the corrections facility in which defendant is

8       confined shall deliver the defendant to a United States Marshal for the purpose of an

9       appearance in connection with a court proceeding; and

10  (4)  The clerk shall direct copies of this order to counsel for the United States, to counsel

11       for the defendant, to the United States Marshal, and to the United States Pretrial

12       Services Officer.

13  DATED this 6th day of December, 2006.

14

15              /s/John L. Weinberg
                JOHN L. WEINBERG
16               United States Magistrate Judge

17

18

19

20

21

22

23

24

25

DETENTION ORDER - 3
26 18 U.S.C. § 3142(i)